**Fox Joseph SALERNO, Plaintiff–Appellant,**

v.

**State of ARIZONA; et al., Defendants–Appellees.**

**No. 11–17731.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 2, 2013.

Fox Joseph Salerno, Florence, AZ, pro se.

Michele L. Forney, Arizona Attorney General's Office, Phoenix, AZ, Paul Edward Carter, Assistant Attorney General, Office of the Arizona Attorney General, Tucson, AZ, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Fox Joseph Salerno, an Arizona state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs in connection with an alleged attack by a prison correctional officer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003) (dismissal for failure to exhaust); *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Salerno's claims against the state of Arizona and defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Flint v. Dennison,* 488 F.3d 816, 825 (9th Cir.2007) (state officials sued in their official capacities are generally entitled to Eleventh Amendment immunity); *Cal. Franchise Tax Bd. v. Jackson (In re Jackson),* 184 F.3d 1046, 1048 (9th Cir.1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised ... by the court sua sponte.").

The district court properly dismissed Salerno's deliberate indifference claims because Salerno failed to exhaust available administrative remedies prior to filing suit. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (concluding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.